UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:12-cv-040031-SLD-JEH-2 |
| JERRY BROWN, | ) ) ) |
| Defendant. | ) ) |

ORDER

Before the Court is Defendant Jerry Brown's Motion for Reduction in Sentence, ECF No. 519. For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Brown was convicted by a jury of conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine. *See* Verdicts 2, ECF No. 195. He was sentenced to a mandatory term of life imprisonment because he had at least two prior drug felonies. Judgment 1–2, ECF No. 249; Revised Presentence Investigation Report ¶¶ 4, 104, ECF No. 223; Sentencing Hr'g Tr. 51:9–11, ECF No. 288; *see* 21 U.S.C. § 841(b)(1)(A) (effective Aug. 3, 2010 to Dec. 20, 2018) (providing that an individual convicted under § 841(b)(1)(A) "shall be sentenced to a mandatory term of life imprisonment" if he commits the crime after "two or more prior convictions for a felony drug offense have become final"). Brown's statute of conviction was amended via the First Step Act of 2018—it now provides that a person who violates the statute "after [two] or more prior convictions for a serious drug felony or serious violent felony have become final" shall be sentenced to "a term of imprisonment of not less than 25 years." 21 U.S.C. § 841(b)(1)(A) (effective Dec. 2, 2022).

1

Brown seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)[1]—which allows a court to reduce a defendant's term of imprisonment if, among making other findings, it finds that extraordinary and compelling reasons warrant a reduction—on the basis that the change to § 841(b)(1)(A) has created an extraordinary and compelling reason for such a reduction. *E.g.*, Mot. Reduction 13–14. This is not the first time Brown has sought such relief. His first motion under § 3582(c)(1)(A) was denied for failure to exhaust. *See* Apr. 6, 2021 Text Order. His second motion—in which he specifically argued that "the dramatic reduction in the mandatory minimum that would now apply" constituted an extraordinary and compelling reason for relief, Second Mot. 7, ECF No. 502—was denied because Seventh Circuit caselaw precluded finding that a nonretroactive change in sentencing law was an extraordinary and compelling reason for relief under § 3582(c)(1)(A). Aug. 4, 2022 Text Order (citing, for example, *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021)). He appealed that decision, Not. Appeal, ECF No. 505, but the Seventh Circuit affirmed the denial in May 2023, *see generally* Mandate, ECF No. 516.

On November 1, 2023, a new Sentencing Commission policy statement on reductions under § 3582(c)(1)(A) took effect. *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). This policy statement provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether [a] defendant presents an extraordinary and compelling reason[ for a reduction], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[1] This is commonly referred to as the compassionate release statute.

2

*Id.* § 1B1.13(b)(6). Relying on this new provision, Brown once again asks for a sentence reduction under § 3582(c)(1)(A). *E.g.*, Mot. Reduction 3.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

### II. Analysis

The Government argues that Brown has shown no extraordinary and compelling reason warranting a sentence reduction, that he poses a danger if released, and that the § 3553(a) factors weigh against release. Gov't's Resp. 1, ECF No. 520. The Government makes two arguments as to why Brown fails to show an extraordinary and compelling reason for a reduction: first, even assuming § 1B1.13(b)(6) is valid, Brown cannot meet all its requirements; and second, § 1B1.13(b)(6) is not valid because in enacting the provision, the Sentencing Commission exceeded its authority. *Id.* at 13–24.

3

The Court declines to weigh in on whether Brown has met the requirements of § 1B1.13(b)(6) because it finds that Seventh Circuit precedent precludes it from considering a nonretroactive change in sentencing law, like the amendment to § 841(b)(1)(A)'s penalties, as an extraordinary and compelling reason for release. In *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), the Seventh Circuit "squarely and definitively" held that a nonretroactive change to 18 U.S.C. § 924(c)—a change also made via the First Step Act—could not "whether alone or in combination with other factors" constitute an extraordinary and compelling reason for purposes of § 3582(c)(1)(A). It explained that "the discretionary authority conferred by § 3582(c)(1)(A)" to reduce a sentence "only goes so far" and that "[i]t cannot be used to effect a sentencing reduction at odds with Congress's express determination . . . that the amendment to § 924(c) . . . apply only prospectively." *Id.* at 574. When *Thacker* was decided, there was no applicable policy statement on § 3582(c)(1)(A) motions brought by prisoners, *see id.* at 572–73 (citing *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020)), so the Seventh Circuit was necessarily interpreting the statute itself.

The Seventh Circuit has in other cases indicated some hesitation about *Thacker*'s holding, particularly in reference to the Sentencing Commission's potential to adopt a rule such as § 1B1.13(b)(6), *see United States v. Williams*, 65 F.4th 343, 346–49 (7th Cir. 2023), but it has not overruled *Thacker*. As § 1B1.13(b)(6) allows a court to consider a nonretroactive change in the law as an extraordinary and compelling reason for release—albeit in somewhat limited circumstances—it conflicts with the Seventh Circuit's interpretation of the statute. Like many other courts in this circuit, the Court concludes that it must follow *Thacker*. *See e.g.*, *United States v. Duncan*, No. 3:03-CR-57 JD, 2024 WL 4471420, at *7 (N.D. Ind. Oct. 11, 2024) (DeGuilio, J.); *United States v. Owings*, No. 1:12-cr-00003-SEB-TAB, 2024 WL 4171197, at

4

*4–5 (S.D. Ind. Sept. 12, 2024) (Evans Barker, J.); *United States v. Uriarte*, No. 09-cr-332-4, 2024 WL 4111867, at *2–5 (N.D. Ill. Sept. 6, 2024) (Gottschall, J.); *United States v. Williams*, Nos. 06-cr-20032-JES-2 & 06-cr-20032-JES-3, 2024 WL 3567498, at *5–6 (C.D. Ill. July 29, 2024) (Shadid, J.); *United States v. Black*, 715 F. Supp. 3d 1069, 1077–84 (N.D. Ill. Feb. 6, 2024) (Jenkins, J.).  *But see, e.g.*, *United States v. Spradley*, No. 1:98-cr-38-JMS-MJD-1, 2024 WL 1702873, at *5–7 (S.D. Ind. Apr. 18, 2024) (Magnus-Stinson, J.); *United States v. Bailey*, No. 1:97-cr-00118-RLY-MG-3, 2024 WL 2291497, at *2 (S.D. Ind. May 20, 2024) (Young, J.).

The Court is not persuaded by Brown's argument that to the extent there is a conflict between *Thacker* and the Guidelines, the Guidelines control.  *See* Reply 27–28, ECF No. 527; Mot. Reduction 26–29.  Brown argues that the Sentencing Commission is empowered to resolve a circuit split, relying on *Braxton v. United States*, 500 U.S. 344 (1991), Mot. Reduction 27–28, but *Braxton* involved the meaning of a provision of the Guidelines itself rather than the meaning of a statute.  The Sentencing Commission had begun proceedings to consider whether to amend a Guidelines provision and the amendment would clarify a circuit split over the meaning of that provision.  *Braxton*, 500 U.S. at 348–49.  Certainly, the Sentencing Commission can eliminate a dispute over the meaning of its own Guidelines by amending those Guidelines to adopt a particular meaning.  But the Court doubts that the Sentencing Commission alone could resolve or eliminate a dispute about the meaning of a *statute* by amending its policy statements.  Brown also relies upon caselaw explaining how a court should review a regulation when Congress expressly delegates authority to an agency to define a statutory term.  *See* Mot. Reduction 28 (citing *Batterton v. Francis*, 432 U.S. 416, 425 (1977)).  But the level of deference that a court should use to review the policy statement says nothing about whether this Court can disregard *Thacker*.

In any case, for the same reasons as articulated in *Thacker*, the Court concludes that § 1B1.13(b)(6) is "not in accordance with law," *Batterton*, 432 U.S. at 426 (citing 5 U.S.C. § 706(2)(A))—allowing a nonretroactive change in the law to serve as an extraordinary and compelling reason for a sentence reduction "upend[s] the clear and precise limitation Congress impose[s]" on the effective date of an amendment. *Thacker*, 4 F.4th at 574; *see* 28 U.S.C. § 994(a) (requiring that the Sentencing Commission's actions must be "consistent with all pertinent provisions of any Federal statute"); *United States v. O'Neill*, No. 97-CR-98-1-JPS-JPS, 2024 WL 2369102, at *18 (E.D. Wis. May 23, 2024) ("The structures of § 994 and § 3582(c) reinforce the conclusion that Congress did not intend for the Commission to make changes in sentencing law retroactive without Congressional approval."). The First Step Act's amendment to § 841(b)(1)(A) was made applicable only to individuals who had not yet been sentenced under § 841(b)(1)(A). First Step Act § 401(c), Pub. L. 115-391, 132 Stat. 5194, 5220 (2018). The Court fails to see how the additional elements that must be met for § 1B1.13(b)(6) to apply—that a defendant must have served ten years of imprisonment, that a defendant must have an "unusually long sentence," that the change in the law must create a gross disparity, and that the court must provide "full consideration of the defendant's individualized circumstances"—makes any difference on this point. *See* Mot. Reduction 24 ("Importantly, not every sentence affected by [the First Step Act] can be modified under Section 1B1.13(b)(6)."). Regardless of how long a defendant's sentence is, how much the sentencing profile has changed, or what individualized circumstances exist, consideration of an expressly nonretroactive change in the law as an extraordinary and compelling reason conflicts with Congress's choice to make the amendment nonretroactive.

Because the change to § 841(b)(1)(A) cannot serve as an extraordinary and compelling reason for a reduction, the Court must deny Brown's motion.

## CONCLUSION

Accordingly, Defendant Jerry Brown's Motion for Reduction in Sentence, ECF No. 519, is DENIED.

Entered this 8th day of November, 2024.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
